Filed 10/23/23   P. v. Herrera CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D081948 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCN382416) |
| LOUIE SANTILLAN HERRERA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Robert J. Kearney, Judge.  Affirmed.

Cindy Brines, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In January 2020, Louie Santillan Herrera was convicted of multiple felony counts arising from years of molestation of his stepdaughter.  He was convicted of two counts of oral copulation of a child under age 14 years and was more than 10 years younger than Herrera (Pen. Code,[1] § 288a,

---

[1]    All further statutory references are to the Penal Code.

subd. (c)(1)); eight counts of lewd acts with a child under age 14 (§ 288, subd. (a)) and two counts of sexual penetration of a child under age 14 (§ 289, subd. (j)).

The court sentenced Herrera to a determinate term of 22 years in prison, including an upper term of eight years for count one.

Herrera appealed and this court affirmed the convictions but vacated the sentence and remanded the case for a new sentencing hearing in light of intervening legislative changes to section 1170, subdivision (b)(2).[2]

On remand, the prosecution declined to pursue an upper term for count 1. The court reduced the sentence for count 1 to the middle term of six years and the reimposed the remainder of the original sentence for a total term of 20 years. Herrera filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to independently review the record for error as mandated by *Wende*. We offered Herrera the opportunity to file his own brief on appeal, but he has not responded.

The facts of the offenses were fully discussed in our prior opinion. We will not discuss them further here. (*People v. Herrera*, *supra*, D079275.)

DISCUSSION

As we have noted appellate counsel has filed a *Wende* brief and asks the court to review the record for error. To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified a possible issue that was considered in evaluating the potential

---

[2] The court affirmed the convictions in an unpublished opinion. (*People v. Herrera* (Sept. 20, 2022, D078275).)

merits of this appeal: Whether the trial court was required to impose the low term sentence since the aggravating factors were not found true beyond a reasonable doubt.

We have reviewed the record as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Herrera on this appeal.

DISPOSITION

The judgment is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

O'ROURKE, J.

RUBIN, J.